**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| HITACHI KELVIN ANTONIO, | No.    15-70456 |
| Petitioner, | Agency No. A075-104-289 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

Hitachi Kelvin Antonio, a native of the Phillippines and citizen of Australia,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's ("IJ") removal order.  Our

jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and constitutional claims. *Coronado v. Holder*, 759 F.3d 977, 982 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The BIA properly concluded that because Antonio failed to request either a continuance or administrative closure before the IJ, those issues were not properly presented for appellate review. *See Matter of J-Y-C-*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues not raised to the IJ are not properly before the BIA on appeal). Accordingly, Antonio's contentions that the agency erred in denying a continuance and administrative closure are not supported by the record.

We lack jurisdiction to consider Antonio's unexhausted contention that the IJ should have construed the request he submitted to the Department of Homeland Security for prosecutorial discretion as a motion for administrative closure. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

Because the agency did not commit any error regarding the continuance or administrative closure, it follows that the agency did not violate due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-70456